(No. 5730—

RUTH M. NAYH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 13, 1975.*

STANLEY WERDELL and CHARLES DEAN CONNER, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

BURKS, J.

This claim is brought by the Claimant to recover damages for an assault and battery upon her person by one Carl Kowack, a patient at the John J. Madden Zone Center, a mental institution under the jurisdiction of the State.

On June 4, 1969, the Claimant, a registered nurse for 27 years and actively so engaged, was employed by the Veterans Administration Hospital at Hines, where

she had been employed for 19 years, following her service in the U. S. Army Nurse Corps. At the time of her injury she was a staff nurse at Hines, worked the night shift, and lived on the grounds.

Adjacent to the Veterans Administration Hospital is a mental institution, the John J. Madden Zone Center, separated from the Veterans Administration installation by a concrete fence approximately six feet high running around the mental institution. A person can enter the Veterans Administration grounds through a gate in the fence. The nurses' quarters, where Claimant lived, are about two blocks away from the fence.

At about 6:30 p.m., on June 4, 1969, the Claimant left the nurses' quarters and entered her car parked across the road. Carl Kowack, later identified as a patient escaped from the State mental institution, got into the car on the side opposite the driver's side as Claimant was sitting in the car and demanded that she give him her keys.

When she refused to give him her keys, he brutally assaulted the Claimant, beat her severely about the face, as graphically shown in Claimant's photo exhibits, and as related by Claimant in the record.

By stipulation, the parties agreed that Claimant's assailant, Carl Kowack, was committed by court order to Chicago State Hospital, a State institution, on May 22, 1969. Kowack was transferred to John J. Madden Zone Center on May 28, 1969, to receive more intensive care and better therapy since the staff-to-patient ratio at the Zone Center is one-to-one, whereas, at Chicago State Hospital it is more like one staff member for 25 or 30 patients, according to Dr. Ernesto Lopez, a psychiatrist on the staff of the John J. Madden Zone Center in charge of Kowack. He was preliminarily diagnosed as

suffering from an acute anxiety reaction with a schizoid personality.

Two days later, Kowack escaped from the hospital and was found wandering on the grounds of the Hines Hospital immediately adjacent to the State institution. He was placed in restraints that evening. Kowack was released from restraints on the following day on the order of Dr. Ernesto Lopez, a licensed psychiatrist, in the exercise of his medical judgment. Dr. Lopez explained that the patient appeared calm, and that a patient cannot be restrained indefinitely "since a patient suffering from acute anxiety reaction would view restraints as a possible form of punishment."

Four days later Kowack escaped through a window at approximately 6:15 p.m. and attacked the Claimant.

He was returned to the Madden Zone Center by guards from Hines Veterans Hospital and was thereupon placed in restraints. He was kept in these restraints the following two days.

Kowack had not previously been hospitalized in a State institution, and there was no evidence in the record as to any previous acts of violence. However, his court commitment as "a person in need of mental treatment" contemplates the following definition of that term as used in the Mental Health Code, *Ill.Rev.Stat., Ch. 95½ §1-11:*

> ... a person who "reasonably expected at the time the determination is being made or within a reasonable time thereafter to intentionally or unintentionally physically injure himself or other persons...."

After further conversations with Dr. Lopez, Respondent stipulated that Carl Kowack, suffering from acute anxiety reaction with schizoid personality, recognized that he was unable to control his impulses, and that he might be dangerous.

In *Eichen v. State, Ill.Ct.Cl. 5589,* August 8, 1975, we held that absolute liability, in the absence of negligence, is not imposed on the State by statute known as:

AN ACT concerning damages caused by escaped inmates of charitable, penal, reformatory or other institutions over which the State has control. *Ill.Rev.Stat., Ch. 23, § 4041.*

The record before us is amply sufficient to support a finding that the State was negligent in failing to prevent the second escape of Carl Kowack from the John J. Madden Zone Center. The negligence of the State in failing to guard the walls and gate adequately and to otherwise supervise the movements of Carl Kowack within the grounds of the Madden Zone Center is particularly glaring if we consider Dr. Lopez's testimony that the "staff to patient ratio at the Zone Center is one-to-one."

Respondent concedes that Claimant's assailant had escaped four days before he attacked the Claimant, and that the attending physician knew he "might be dangerous." It is not essential that the precise consequences which actually resulted therefrom should have been foreseen. *I. L. P. Negligence § 105.* As we said in *Paulus v. State, 24 Ill.Ct.Cl. 215, 216,* "We believe that, under the circumstances, the State was negligent in not providing better security for a potential risk."

There is no evidence of any contributory negligence on the part of the Claimant. As we said in *Callback v. State, 22 Ill.Ct.Cl. 722, 733:*

Claimant had no reason to believe that she would be attacked by a wandering insane man in the early hours of the morning or at any hour. She had no reason to believe that such a man would be allowed to roam the grounds unattended and alone. She was not, in our judgment, guilty of contributory negligence. The facts establish that she was exercising due care and caution for her own safety, and did nothing to incur the injury or incite the assault.

Since Claimant was an employee of the Veterans Administration Hospital, she incurred no financial loss

for her hospital and medical expenses. However, she sustained some noticeable permanent injuries to her face. Examining Claimant's eight color photo exhibits showing the condition of Claimant's face after the beating, it is remarkable that the permanency of her injuries was not more severe.

Dr. Robert Dirmish, who treated Claimant the night she was assaulted and examined her again on the day of the hearing, testified that, as a result of the beating, she sustained minimal permanent changes in the soft tissue adjacent to her right jaw, causing the right side of her face to be less full than the left, and causing thereby a small but noticeable facial asymmetry.

The Claimant, Ruth M. Nayh, is hereby awarded damages for her personal injuries in the sum of Five Thousand Dollars ($5,000.00).